**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
California State Bar No. 144163
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 544-1451
Facsimile: (619) 544-1473

Attorney for Defendant **PEREZ**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**(HON. WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**RAMIRO PEREZ,**<br>Defendant. | Criminal No. 08-CR-0082-WQH<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**I.**

**STATEMENT OF FACTS**

The statement of facts and the facts discussed in the memorandum of points and authorities, are strictly for the purposes of these motions and are not to be considered admissions by the defendant, Mr. Perez. Mr. Perez expressly reserves the right to contradict, explain, amplify, or otherwise discuss any of the facts mentioned here at a pre-trial motion hearing or trial.

On Sunday, November 25, 2007, Mr. Perez was arrested by Border Patrol agents on the beach next to the international border fence on the U.S./Mexico international boundary just inside the United States. Mr. Perez first told the agent that he was a United States citizen born in California, but then corrected his statement and told the agent he was born in Mexico but had dual citizenship in Mexico and the United States. Mr. Perez was visiting on the beach with his wife and his two young children, who live in Mexico.

All four were arrested for illegal entry and taken to the Imperial Beach Station for

further processing. Prosecution for violation of 8 U.S.C. § 1326 was authorized for Mr. Perez and he was transported to MCC. His wife and young children were detained overnight for unknown reasons and may or may not have made statements regarding Mr. Perez. A rap sheet provided to previous counsel shows queries made to various databases regarding Mr. Perez on the date of his arrest. Both the CLETS database and the FBI database indicate that Mr. Perez is a United States citizen born in Mexico, although both rap sheets also show that he was removed from the United States on November 21, 2003 and again on May 16, 2005.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Perez requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4) and 16:

(1) all written and oral statements made by Mr. Perez. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Perez are contained. It also includes the substance of any oral statements made by him on November 25, 2007 or thereafter, regardless of whether the government intends to introduce those statements at trial. These are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). Mr. Perez also requests any response to any Miranda warnings which may have been given to him. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2) all documents, statements, agents' reports, and tangible evidence favorable to Mr. Perez on the issue of guilt or punishment and/or which affects the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and United States v. Agurs, 427 U.S. 97 (1976). Mr. Perez specifically requests any and all information in government reports and databases which state that he is a United States citizen ;

(3) all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad

acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. Mr. Perez specifically requests reasonable notice pursuant to Fed. R. Evid 404(b) of at least four weeks prior to trial, of any evidence the government intends to introduce at trial under this rule;

(4) all evidence seized as a result of any search, either warrantless or with a warrant, in this case. He also specifically requests copies of all photographs, videotapes or recordings made in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C);

(5) all arrest reports, investigator's notes, memos from arresting officers, sworn statements and prosecution reports pertaining to Mr. Perez, including notes taken by INS agents. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(7) the personnel file of the interviewing agent(s) containing any complaints of assaults, abuse of discretion and authority and/or false arrest. Pitchess v. Superior Court, 11 Cal. 3d. 531, 539 (1974). In addition, the defense requests that the prosecutor examine the personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in advance of trial. United States v. Henthorn, 931 F.2d 29, 30-31(9th Cir. 1991). The prosecution is hereby notified that a mere search of the personnel file is not sufficient to discharge this obligation since this type of evidence is usually located in separate investigative files. If the prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should be submitted to the Court, in camera. Kyles v. Whitley, 115 S.Ct. 5555 (1995). The prosecution should bear in mind that there exists an affirmative duty on the part of the government to examine the files. Id.

(8) any and all statements made by any other uncharged co-conspirators, and the I-213's of his wife and children who were also arrested and detained overnight by Border Patrol. The defense is entitled to this evidence because it is material to preparation for the defendant's case and potentially Brady material. Also, insofar as such statements may be introduced as

co-conspirator statements, they are discoverable. Fed. R. Crim. 16(a)(1)(C) and Brady. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

(9) Mr. Perez requests copies of any and all audio/video tape recordings made by the agents in this case and any and all transcripts, including taped recordings of any conversations of any of the agents involved in this case. This evidence is available under Fed. R. Crim. P. 16(a)(1)(C);

(10) Mr. Perez requests the name and last known address of each prospective government witness, and specifically requests the name of the supervisor who was at the Border Patrol station at the time he was arrested and informed Mr. Perez that he would be released without charges since it appeared that he was a United States citizen. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

(11) all other documents and tangible objects, including photographs, books, papers, documents, photographs, or building or places or copies of portions thereof which are material to Mr. Perez' defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Perez, including his immigration files also known as "A file." He also requests a copy of the deportation hearing tape and any other tape recordings and files pertaining to his immigration status. He also requests copies of all of the information pertaining to him on each of the databases searched by Border Patrol on the date of his arrest; the discovery states that "INS Systems Checks" were performed on AFIS (Automated Fingerprint Identification System), Central Index System; Deportable Alien Control System, and Integrated Automated Fingerprint Identification System. Rule 16(a)(1)(C);

(12) all results or reports of scientific tests or experiments, or copies of which are within the possession, control, or custody of the government or which are known or become known to the attorney for the government, that are material to the preparation of the defense,

including the opinions, analysis and conclusions of experts consulted by law enforcement including finger print specialists in the instant case. These must be disclosed, once a request is made, even though obtained by the government later, pursuant to Fed.R.Crim.Pro. 16(a)(1)(D).

(13) any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, agreement to execute a voluntary return rather than deportation or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax liability. United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United States v. Risken, 788 F. 2d 1361 (8th Cir. 1986); United States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987);

(14) any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed. Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d 1520, 1524 (11th Cir. 1985);

(15) any evidence that any prospective government witness is biased or prejudiced against the defendant, has a motive to falsify or distort his or her testimony or is prejudiced against Mexican people. Pennsylvania v. Ritchie, 480 S.Ct. 39 (1989); United States v. Strifler, 851 F.2d 1192 (9th Cir. 1988);

(16) any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady;

(17) any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985); and,

(18) any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the

truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(19) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

(20) the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses);

(21) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

(22) Mr. Perez requests a transcript of the grand jury testimony and rough notes of all witnesses expected to testify at the motion hearing or at trial. This evidence is discoverable under Fed. R. Crim. P. 12(I) and 26 and will be requested.

(23) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and

to avoid lengthy recesses during the pre-trial motions hearings or trial.

## II.

## CONCLUSION

Based upon the foregoing, Mr. Perez respectfully requests that this Court grant his motions.

Respectfully submitted,

/s/ Debra A. DiIorio
DiIorio & Hall, APC
Attorneys for Mr. Perez